IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TRANSFORM SR BRANDS LLC,<br><br>      Defendant. | Case No. 1:25-cv-01674-SRH<br><br>Hon. Sunil R. Harjani<br><br>Oral Argument Requested<br><br>Electronically Submitted |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I. Plaintiff Fails to Establish That He Is Covered by Section 227(c) .................................... 2

    A. Plaintiff Does Not Meaningfully Dispute That His Cell Phone Is Not a "Residential Telephone" Under the TCPA .............................................................. 2

    B. Plaintiff's Alleged Personal Use of a Non-Residential Telephone Does Not Transform Him Into a Residential Telephone Subscriber ............................. 5

II. *McLaughlin* Confirms That the Court Need Not Defer to the FCC .................................. 6

III. Plaintiff's Arguments Regarding the Reassigned Number Database Are Irrelevant ......... 7

IV. Plaintiff Effectively Concedes That Any Dismissal Should Be with Prejudice ................ 9

CONCLUSION ............................................................................................................................ 10

i

# **TABLE OF AUTHORITIES**

                                                                     **Page(s)**

**Cases**

*Bates v. I.C. Sys., Inc.*,
   No. 1:09-cv-00103, 2009 WL 3459740 (W.D.N.Y. Oct. 19, 2009) ............................................ 4

*Byars v. Hot Topic, Inc.*,
   656 F. Supp. 3d 1051 (C.D. Cal. 2023) .................................................................................... 8

*Cunningham v. Rapid Response Monitoring Servs., Inc.*,
   251 F. Supp. 3d 1187 (M.D. Tenn. 2017) ................................................................................ 4

*Daugherty v. Univ. of Chi.*,
   No. 1:17-cv-03736, 2017 WL 4227942 (N.D. Ill. Sept. 22, 2017) ............................................ 9

*Duffy v. Ticketreserve, Inc.*,
   722 F. Supp. 2d 977 (N.D. Ill. 2010) ........................................................................................ 8

*Gaker v. Q3M Ins. Sols.*,
   No. 3:22-cv-00296, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ....................................... 3, 7

*Gill v. Align Tech. Inc.*,
   No. 2:21-cv-00631, 2022 WL 1540016 (E.D. Wis. May 16, 2022) .......................................... 5

*Hicks v. Alarm.com Inc.*,
   No. 1:20-cv-00532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ............................................ 5

*Jones v. Blackstone Med. Servs. LLC*,
   No. 1:24-cv-01074, 2025 WL 2042764 (C.D. Ill. July 21, 2025) .................................... 2, 6, 7

*McLaughlin Chiropractic Associates v. McKesson Corp.*,
   145 S. Ct. 2006 (2025) ..................................................................................................... 1, 2, 6

*Moore v. Triumph CSR Acquisition, LLC*,
   No. 1:23-cv-04659, 2023 WL 8601528 (N.D. Ill. Dec. 12, 2023) ........................................ 3, 6

*Noviello v. Holloway Funding Grp.*,
   No. 3:22-cv-00052, 2023 WL 128395 (N.D. Tex. Jan. 9, 2023) .............................................. 5

*Russello v. United States*,
   464 U.S. 16 (1983) .................................................................................................................... 4

*Servotronics, Inc. v. Rolls-Royce PLC*,
   975 F.3d 689 (7th Cir. 2020) ................................................................................................ 5, 6

*Soppet v. Enhanced Recovery Co., LLC*,
    LLC, 679 F.3d 637 (7th Cir. 2012) ...................................................................................... 3

**Statutes**

47 U.S.C. § 227 ................................................................................................................ *passim*

**Other Authorities**

47 C.F.R. § 64.1200 ................................................................................................................. 9

*In re Advanced Methods to Target & Eliminate Unlawful Robocalls*,
    33 F.C.C. Rcd. 12024 (2018) ............................................................................................. 9

*Line*, Merriam Webster Dictionary,
    https://www.merriam-webster.com/dictionary/line ........................................................... 4

*Line*, Oxford English Dictionary,
    https://www.oed.com/dictionary/line_n2 ........................................................................... 4

Defendant Transform SR Brands LLC ("Defendant" or "Transform") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff's First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion" or "Mot.").[1]

## INTRODUCTION

Faced with a commonsense, plain-text interpretation of a 30-year-old statute, Plaintiff's Opposition (the "Opposition" or "Opp.") instead seeks to expand the TCPA's Do-Not-Call provision well beyond its text and, in doing so, asks this Court to rewrite a portion of the TCPA that Congress has not altered despite ample opportunity to do so over the years. But as Transform explained in its Motion, while other provisions of the TCPA do apply to calls made to cellular telephones, Section 227(c)—by its plain language—explicitly applies only to "residential telephone subscribers" and does not encompass cellular phones. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting certain types of calls to a "cellular telephone service"), *with id.* § 227(c)(1) (authorizing rulemaking "to protect residential telephone subscribers' privacy rights").

Rather than make any effort to rebut the Motion's analysis of the TCPA as it was enacted and understood in 1991, Plaintiff's Opposition makes three arguments to evade the TCPA's plain text: (1) that his cell phone is residential based on other language in the TCPA; (2) that even if his cell phone is not residential, he is a "residential subscriber" because he uses it for such purposes; and (3) that the FCC's Reassigned Number Database—something not raised in the Amended Complaint or the Motion—somehow salvages his claims and transforms him into a residential telephone subscriber. But these arguments are misplaced, and Plaintiff's statutory gymnastics

---

[1] The Supreme Court announced its Opinion in *McLaughlin Chiropractic Associates v. McKesson Corp.*, 145 S. Ct. 2006 (2025) on June 20, 2025. (*See* Dkt. 24-1; *infra* Section II.) Given the Court's Opinion, Transform's alternative Motion seeking to stay proceedings pending the *McKesson* decision is now moot. Only the 12(b)(6) motion is addressed in Reply.

cannot deny that had Congress intended for Section 227(c) to apply to cell phones, it could have said so—it did not.

As the Supreme Court has now confirmed in its June 20 decision in *McLaughlin Chiropractic Associates v. McKesson Corp.*, this Court's interpretation of the TCPA's scope should start and end with its plain text and structure. 145 S. Ct. 2006, 2015 (2025) ("District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation."). As set forth in the Motion and below, and as recently recognized by another Illinois federal court, Plaintiff's claim is meritless because the texts he allegedly received are not covered by the Do-Not-Call provisions of the TCPA. *See Jones v. Blackstone Med. Servs. LLC*, No. 1:24-cv-01074, 2025 WL 2042764, at *3 (C.D. Ill. July 21, 2025) ("Pursuant to *McLaughlin* and *Loper Bright,* the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages."). Cellular telephones do not qualify as "residential telephones" under the TCPA, and Plaintiff's claims are therefore not encompassed within Section 227(c)(5).

Thus, the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. Plaintiff Fails to Establish That He Is Covered by Section 227(c)

#### A. Plaintiff Does Not Meaningfully Dispute That His Cell Phone Is Not a "Residential Telephone" Under the TCPA

In Opposition, Plaintiff openly concedes that the 804 number was a cell phone, not a residential phone. (Opp. at 1.) And Plaintiff does not dispute that "the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only 'the need to protect residential telephone subscribers' privacy rights.'" (Mot. at 6 (citing

*Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-cv-02921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *report and recommendation adopted*, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018)).) These admissions are fatal to Plaintiff's claim: as another court in this District recognized, "[a] cellular phone and a residential phone are not the same thing." *Moore v. Triumph CSR Acquisition, LLC*, No. 1:23-cv-04659, 2023 WL 8601528, at *2 (N.D. Ill. Dec. 12, 2023).

Plaintiff does not address any of the textual arguments addressed by the Motion, dedicating only a single sentence to the plain meaning of the term "residential." (*See* Opp. at 8.) Plaintiff fails to address how Congress understood the term when it passed the TCPA, nor does Plaintiff cite to any cases distancing him from the Seventh Circuit's finding that "[l]egislation means today what it meant when enacted." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 642 (7th Cir. 2012). It is thus no wonder why Plaintiff's Opposition consists of an amalgamation of copy-and-paste quotes from inapposite, out-of-circuit authority rather than any actual rebuttal of Transform's arguments: he cannot reasonably dispute that the term "residential" at the time the statute was enacted was understood to be "restricted" to or "connected" with residences. (Mot. at 6; *see also* Dkt. 19-7.) Distinguishing between the protections provided to cell and residential phones was a logical drafting decision for Congress, because "[c]ell phones do not present the same concerns as residential telephones." *Gaker v. Q3M Ins. Sols.*, No. 3:22-cv-00296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023). Plaintiff provides no reason for the Court to assume that this distinction was not purposeful.

To the contrary, it is undisputed that while drafting the TCPA, Congress—and in particular the Act's sponsors—already knew what a cell phone was, having considered interests specific to cellular devices while crafting Section 227(b). (Mot. at 7; *see also* Dkt. 19-8.) But Congress chose not to enumerate cell phones in Section 227(c). Under the doctrine of *expressio unius est exclusio*

3

*alterius*, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quotations omitted). In other words, had Congress intended for Section 227(c) to include cell phone users, it would have included "cellular telephone subscribers" in the Do-Not-Call Provision, just as it did "residential telephone subscribers." *Cf.* 47 U.S.C. § 227(b)(1)(A)(iii); *id.* § 227(b)(2)(C).

Unable to rebut Congress's decision to enumerate "cellular telephones" in Section 227(b) while not doing so in Section 227(c), Plaintiff argues that Congress's decision to restrict certain calls made to "residential telephone *lines*" in Section 227(b) would be rendered surplusage if "residential telephone" as enumerated in Section 227(c) did not include cell phones. (Opp. at 8.) This argument is nonsensical: "lines" in this context plainly refers to the telephone "connection" to which the call is placed, not to any particular technology such as landlines. *E.g.*, *Line*, Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/line (last visited August 5, 2025); *Line*, Oxford English Dictionary, https://www.oed.com/dictionary/line_n2 (last visited August 5, 2025); *see also Bates v. I.C. Sys., Inc.*, No. 1:09-cv-00103, 2009 WL 3459740, at *2 (W.D.N.Y. Oct. 19, 2009) ("[T]he TCPA differentiates between calls made to cellular and residential *lines*." (emphasis added)); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017) ("The TCPA generally distinguishes between 'residential' *lines* and other protected *lines*." (emphasis added)).

Indeed, Plaintiff's strained interpretation of the TCPA would ironically render Congress's distinction here meaningless by effectively erasing the distinction between cellular and residential telephone lines. (Mot. at 8–9.) Simply put, Congress chose to restrict calls made to **both**

4

residential telephone and cellular telephone lines in Section 227(b); Congress chose to restrict calls **only** made to residential telephones in Section 227(c). Because Plaintiff's cell phone is not a residential phone, it is not covered by Section 227(c) as a matter of law.

### B. Plaintiff's Alleged Personal Use of a Non-Residential Telephone Does Not Transform Him Into a Residential Telephone Subscriber

Undeterred, Plaintiff asserts that it is no matter that his cell phone is not a residential telephone because he uses it in a residential fashion, transforming him into a residential subscriber. (Opp. at 4, 8.) But Plaintiff's argument is based on a fundamental misreading of the statute. For one, Plaintiff's cited authority for this proposition notably did *not* decide that use can transform a cell phone into a residential device, since these cases relied on the FCC's 2003 Order and not on the language of the TCPA itself. *Gill v. Align Tech. Inc.,* No. 2:21-cv-00631, 2022 WL 1540016, at *3 (E.D. Wis. May 16, 2022); *Noviello v. Holloway Funding Grp.,* No. 3:22-cv-00052, 2023 WL 128395, at *5 (N.D. Tex. Jan. 9, 2023). More generally, however, Plaintiff's argument that the term "residential" refers only to the character of the subscriber and not to the device that they use omits key language from the statute: even if the phone is allegedly for personal use, "the applicable regulations expressly apply to '*residential telephone* subscribers.'" *Hicks v. Alarm.com Inc.*, No. 1:20-cv-00532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (emphasis added).

As Plaintiff elsewhere recognizes, Congress chose to use the term "residential telephone" in two instances of the TCPA: when describing "residential telephone lines" and when describing "residential telephone subscribers." *See* 47 U.S.C. §§ 227(b)(1)(B), (c)(1). So just as "residential telephone" modifies the term "line" in Section 227(b), so too does it modify the term "subscriber" in Section 227(c)—in both instances referring only to home residential phones and not to mobile cellular phones. *See Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 694 (7th Cir. 2020) ("Identical words or phrases used in different parts of the same statute . . . are presumed to have

5

the same meaning"). Section 227(c) therefore does not include all subscribers to phone plans generally, even if they use their non-residential cell phones in a manner similar to residential telephone lines; like Section 227(b)(1)(B) and its limitation to calls made to "residential telephone line[s]," Section 227(c) is limited to "residential telephone subscribers"—i.e., people who subscribe to residential telephone services.

For that reason, Plaintiff's arguments about the use of his cell phone are misplaced. Even if Plaintiff uses his cell phone every day and "practically [took] up residence on [his] cell phone[,] . . . even the strongest addiction to a cell phone cannot transform it into a residential phone." *Moore*, 2023 WL 8601528, at *2. Plaintiff's attempts to avoid this finding by claiming that Section 227(b)(1)(B) "was based on the type of device or line to which calls are made" undermine his own arguments. (Opp. at 9.) All texts were received on a cell phone. Without alleging that he is subscribed to a residential telephone, Plaintiff is not a "residential telephone subscriber" and cannot state a claim under the Do-Not-Call provision.[2]

## II. *McLaughlin* Confirms That the Court Need Not Defer to the FCC

In the Motion, Transform argued that the Court need not defer to the 2003 FCC Guidance—cited in Plaintiff's Amended Complaint and in most of the cases on which he relies—because "Congress set clear limits for the TCPA, and the FCC may not enlarge those limits in ways that contradict the statutory text." (Mot. at 9–10 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).) Transform further argued that the Hobbs Act does not bind the Court to the FCC's interpretation and that it was free to conduct its own independent review of the TCPA. (*Id.*) As the Supreme Court recently held, Transform's analysis was right. *McLaughlin*, 145 S. Ct. at 2022.

---

[2] Further, as *Jones* recognized, text messages as a form of communication did not even exist in 1991 when the TCPA was enacted, and thus "telephone call" would not have included text messages or SMS messages. *See* 2025 WL 2042764, at *4.

6

Faced with this new dispositive authority, Plaintiff concedes—as he must—that this Court is not required to follow the FCC's 2003 Order, but he still argues it is owed "appropriate respect" (Opp. at 10.) Conveniently, however, Plaintiff believes that "appropriate respect" in this case means following the FCC's interpretations to the letter. (*Id.*) But the Court need not follow any FCC pronouncement, nor must the Court follow Plaintiff's out-of-circuit authority that purportedly "independently" mirrored the FCC's analysis. And, in any case, as a recent post-*McLaughlin* decision from this Circuit noted, cellular phones are not "residential" even under the 2003 FCC Order or the subsequent FCC orders that relied on that Order, because the 2003 FCC Order "explicitly references only Section 227(b)" **and not Section 227(c)**. *See Jones*, 2025 WL 2042764, at *5.

In *Jones,* while finding that text messages are not covered by Section 227(c)'s Do Not Call restrictions, the Central District of Illinois expressly rejected calls to legislate from the bench, noting that "it is for Congress to respond to the issues presented in this case and to address the realities of today's technology (and the intrusions caused therefrom) which is commonplace in American life in 2025." *Id.* (adding that "[t]he Court confines itself to its assigned role which does not include legislating"); *see also Gaker*, 2023 WL 2472649, at *3 ("[T]he authority rests with Congress to amend the TCPA and bring cell phones within its protections."). This Court should, as the *Jones* court did, refuse to read more into Section 227(c) than Congress designed that section to encompass. It is for Congress to amend Section 227(c)'s private right of action to include cellular telephone subscribers (and text messages), should it wish to do so.

### III. Plaintiff's Arguments Regarding the Reassigned Number Database Are Irrelevant

Taking a different approach in Opposition than looking to statutory language, Plaintiff argues that Transform "intentionally failed to avail itself of" the FCC's Reassigned Number Database. (Opp. at 5.) Plaintiff further claims that Transform "knowingly chose" not to use this

7

database, resulting in Transform contacting a number previously belonging to someone who had provided express written consent but, instead, reaching him. (*Id.*) Plaintiff attributes language about this supposed "knowing failure" to Paragraph 25 of the Amended Complaint, but in doing so illustrates one practical effect of his abusive TCPA campaign that involves at this point twenty-five separate class action cases[3] brought in federal courts throughout the country: **the allegations he quotes in Opposition are not found in the Amended Complaint**. (*Cf.* FAC ¶ 25.) Instead, the quoted language is found in other TCPA complaints filed by Plaintiff, presumably added via amendment in response to arguments that other defendants raised in their motions to dismiss.[4] (*See, e.g.*, Dkt. 19-6 ¶ 26.) While courts do not disqualify plaintiffs for being frequent litigators or "copying and pasting from boilerplate pleadings, there is a point at which all reasonable people should agree the practice has gone too far." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. 2023). Plaintiff cannot bootstrap new factual allegations into his Amended Complaint via an Opposition that manufactures statements made in other litigations, but not this one, despite Plaintiff taking the opportunity to amend his Complaint. *See Duffy v. Ticketreserve, Inc.*, 722 F. Supp. 2d 977, 990 (N.D. Ill. 2010) (a plaintiff "may not supplement or amend his complaint by presenting new facts or theories in his briefing in opposition to a motion to dismiss").

---

[3] Since Transform filed its Motion in June, Plaintiff has filed at least two more copy-paste TCPA class actions. *See McGonigle v. Dickey's Barbecue Restaurants, Inc.*, No. 1:25-cv-01062 (E.D. Va., filed June 24, 2025); *McGonigle v. Moriarty Gem Corp.*, No. 1:25-cv-00398 (N.D. Ind., filed July 18, 2025).

[4] Notably, Plaintiff included this Reassigned Number Database argument, near verbatim, in at least four separate oppositions to motions to dismiss his complaints. *E.g., McGonigle v. FTD, LLC*, No. 1:24-cv-12201, Dkt. 26 at 2–5 (N.D. Ill. April 7, 2025); *McGonigle v. Everyday Dose LLC*, No. 1:24-cv-25115, Dkt. 19 at 3–4 (S.D. Fla. May 1, 2025); *McGonigle v. Alliance Entertainment, LLC*, No. 0:24-cv-62443, Dkt. 26 at 3–5 (S.D. Fla. June 3, 2025); *McGonigle v. ShoppersChoice.com, LLC*, No. 3:25-cv-00152, Dkt. 52 at 5–7 (M.D. La. July 1, 2025).

In any event, Plaintiff's argument here about the Reassigned Numbers Database (even if he had included mention of it in his Amended Complaint) is both incorrect and inappropriate. Plaintiff is mistaken about this so-called "FCC[] directive"—the FCC did not mandate that businesses use the Reassigned Number Database or opine that a business's decision to not subscribe violates the TCPA. *See generally In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 F.C.C. Rcd. 12024 (2018). Rather, the FCC explained that using the database would provide a safe harbor to liability for calling a reassigned number. *See id.* at 12068; *see also* 47 C.F.R. §§ 64.1200(l–m). Accordingly, to the extent the Court considers Plaintiff's arguments about the Reassigned Number Database at all, they should be rejected outright because there is no mandate (as Plaintiff claims) that businesses subscribe to this database.

## IV. Plaintiff Effectively Concedes That Any Dismissal Should Be with Prejudice

While addressing a plethora of arguments that Transform never raised, Plaintiff does not address the following points: the Amended Complaint alleges no new facts; further amendment would be futile; and, under these circumstances, dismissal with prejudice is appropriate. (*See* Mot. at 10–11; *see also* Dkt. 19-2.) A plaintiff's failure to respond to an argument on a motion to dismiss operates a concession as to its merits. *Daugherty v. Univ. of Chi.*, No. 1:17-cv-03736, 2017 WL 4227942, at *9 (N.D. Ill. Sept. 22, 2017) (collecting cases).

Of course, even if he had not conceded that further amendment cannot remedy the Amended Complaint's failings, Plaintiff was made aware of the deficiencies raised in the Motion before he amended his Complaint, and he neither cured them through amendment nor explained in his Opposition how further amendment would be appropriate. Thus, not only should the Court dismiss Plaintiff's claims, but it should do so with prejudice.

9

## **CONCLUSION**

For the foregoing reasons and for the reasons discussed in the Motion, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice.

Dated: August 5, 2025                              Respectfully submitted,

                                                                 By: */s/ Becca Wahlquist*
                                                                       Becca J. Wahlquist
                                                                       Kelley Drye & Warren LLP
                                                                       350 South Grand Avenue, Suite 3800
                                                                       Los Angeles, CA 90071
                                                                       Telephone: (213) 547-4900
                                                                       bwahlquist@kelleydrye.com

                                                                       Gregory T. Berman
                                                                       Kelley Drye & Warren LLP
                                                                       3 World Trade Center
                                                                       175 Greenwich Street
                                                                       New York, NY 10007
                                                                       Telephone: (212) 808-7800
                                                                       gberman@kelleydrye.com

                                                                       *Attorneys for Defendant*