IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, on behalf of himself and others similarly situated, | Case No. 1:25-cv-01674-SRH |
| | Hon. Sunil R. Harjani |
| Plaintiff, | |
| v. | |
| TRANSFORM SR BRANDS LLC, | |
| Defendant. | |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Transform SR Brands LLC ("Transform") objects to Plaintiff's Notice of Supplemental Authority (the "Notice"). (Dkt. 26.) The Notice contains five pages of block quotations and substantive legal argument, serving as an improper sur-reply to Transform's Motion to Dismiss. (Dkt. 18.) Sur-replies are "rare and discouraged in most districts" and require leave to be filed. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017). Here, however, Plaintiff never sought leave from the Court. Thus, "[t]o the extent the notice of supplemental authority contains argument and analysis of the proffered case[s], it is a sur-reply filed without leave of court and [should] be disregarded." *Olson v. LTF Club Mgmt. Co., LLC*, No. 1:16-cv-01179, 2016 WL 5954853, at *1 n.3 (N.D. Ill. Oct. 13, 2016); *see also Hernandez v. Ill. Inst. of Tech.*, No. 1:20-cv-03010, 2021 WL 1600171, at *5 n.5 (N.D. Ill. Apr. 23, 2021) (notice of supplemental authority struck "because it was filed without leave of Court").

Even if the Court were to consider Plaintiff's supplemental filing, Transform respectfully submits that the cases attached should not alter the Court's analysis.[1] Each case originates from district courts outside the Seventh Circuit. For instance, *Ferrell v. Colourpop Cosmetics, LLC* acknowledged that it "remains bound" by *Chennette v. Porch.com*, 50 F.4th 1217 (9th Cir. 2022). No. 2:25-cv-01324, 2025 U.S. Dist. LEXIS 140893, *15 (C.D. Cal. July 22, 2025). But *Chennette* deferred to the FCC without separately analyzing the text of the TCPA. *See* 50 F.4th at 1223. Two other cases cited by Plaintiff concerned the defendants' arguments over the term "residential subscriber"—not "**residential telephone subscriber**," which is the applicable language in the TCPA. *Isaacs v. USHealth Advisors, LLC*, No. 3:24-cv-00216, 2025 WL 2268359, at *3 (N.D.

---

[1] *See Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:18-cv-02188, 2019 WL 2357011, at *4 n.7 (N.D. Ill. June 4, 2019) ("Plaintiffs did not seek leave to file their notices of supplemental authority, so the court could have disregarded them. The court nevertheless exercised its discretion to consider all of the cases plaintiffs cited in their notices of supplemental authority. They do not alter the outcome.").

1

Ga. Aug. 7, 2025); *see also Radvansky v. Bubolo Med., LLC*, No. 1:24-cv-04365, 2025 U.S. Dist. LEXIS 158564, *5 (N.D. Ga. Aug. 15, 2025) (acknowledging "caselaw from District Courts in other Circuits that have concluded that the TCPA does not encompass cellular telephones" but deferring to *Isaacs*). The final decision Plaintiff attaches, *Harriel v. Bealls, Inc.*, continued to defer to the FCC without acknowledging contrary authority, such as *Jones v. Blackstone Medical Services LLC,* No. 1:24-cv-01074, 2025 WL 2042764 (C.D. Ill. July 21, 2025), that applies the proper post-*McLaughlin* textual analysis instead of deferring to agency interpretations. No. 8:25-cv-01165, 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025).

Contrary to what Plaintiff's Notice suggests, the only post-*McLaughlin* decision in this Circuit to evaluate whether the TCPA covers text messages is *Jones*. As discussed in Transform's Reply, *Jones* found that Section 227(c) does not apply to text messages and emphasized that "it is for Congress to respond to the issues presented in this case and to address the realities of today's technology (and the intrusions caused therefrom) which is commonplace in American life in 2025." (Reply at 7 (quoting 2025 WL 2042764, at *5).) The same analysis holds true here.

Thus, while Plaintiff's Notice references non-binding district-level decisions from other circuits, those decisions either continued to defer to the FCC despite the Supreme Court's directive in *McLaughlin*, misapplied or ignored the statutory term "residential telephone subscriber," or failed to acknowledge contrary authority within this Circuit such as *Jones*. None of those decisions relieve this Court of its obligation to assess the plain language of Section 227(c)—as the *Jones* court did.

2

Dated: August 28, 2025                      Respectfully submitted,

By: */s/ Becca Wahlquist*
    Becca J. Wahlquist
    Kelley Drye & Warren LLP
    350 South Grand Avenue, Suite 3800
    Los Angeles, CA 90071
    Telephone: (213) 547-4900
    bwahlquist@kelleydrye.com

    Gregory T. Berman
    Kelley Drye & Warren LLP
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    Telephone: (212) 808-7800
    gberman@kelleydrye.com

    *Attorneys for Defendant*