**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW JAMES MCGONIGLE,<br>*on behalf of himself and*<br>*others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSFORM SR BRANDS LLC<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:25-cv-01674 |

**REPLY IN FURTHER SUPPORT OF**
**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully submits this Reply to address Defendant's Response to Plaintiff's

Notice of Supplemental Authority (Dkt. 27). As an initial matter, Plaintiff's Notice (Dkt. 26)

simply provided the Court with citations to additional relevant authority that issued after briefing

was complete. The Notice itself contained no legal argument and was filed to advise the Court of

recent developments on the precise legal issue pending in the motion to dismiss. Defendant's

Response, by contrast, went well beyond identifying contrary authority and instead advanced

new legal arguments—essentially serving as an unauthorized sur-reply. Because Defendant has

attempted to use the guise of a "response" to re-argue its motion and to mischaracterize *Jones v.*

*Blackstone Medical Services, LLC*, Plaintiff is compelled to file this Reply to correct the record

and prevent prejudice.

*Jones* does not support Defendant's position. *Jones* is a non-binding district court

decision, now on appeal, that addressed only whether § 227(c) applies to text messages; it did not

decide, nor even analyze, whether cellular telephones may qualify as "residential telephones."

1

*Davis*, for its part, has nothing at all to do with § 227(c) or with the supplemental authorities Plaintiff provided. Defendant's reliance on both cases is misplaced and irrelevant to the issue at bar.

Defendant contends that *Jones* forecloses Plaintiff's claim by holding that cellular telephones cannot be treated as "residential telephones" under § 227(c) (see Dkt. 27 at 2–3). That characterization is wrong for several reasons. First, the *Jones* court addressed a narrow issue— whether § 227(c)(5) encompasses text messages. Its ruling turned on the observation that the statutory term "telephone call" does not expressly include SMS. The court concluded that text messages fall outside § 227(c). Nothing in *Jones* holds, or even suggests, that cellular telephones categorically cannot qualify as "residential telephones."

Second, *Jones* is a single district court decision, now on appeal, and therefore has no binding effect. Defendant cannot elevate a non-final order into controlling law, especially when a host of courts—including the authorities cited in Plaintiff's Notice (Dkt. 26)—have recognized that consumers using their cellular phones exclusively for residential purposes fall within § 227(c)'s protections.

Plaintiff's Notice cited post-*McLaughlin* decisions confirming that courts continue to recognize cellular subscribers as "residential" when they use their numbers for personal and household purposes (Dkt. 26 at 2–5). Defendant's invocation of *Jones* and *Davis* does nothing to rebut that authority. Neither decision changes the fundamental point: Congress enacted § 227(c) to protect consumers from unwanted telemarketing, and that protection applies to residential subscribers regardless of whether they use landline or wireless technology.

2

Because Defendant's reliance on *Jones* and *Davis* is misplaced, and because neither case undermines the authorities cited in Plaintiff's Notice, the Court should disregard Defendant's arguments and give appropriate weight to the supplemental authority demonstrating that Plaintiff's claims are properly within the scope of § 227(c).

Dated: August 28, 2025                    PLAINTIFF,
                                          By his attorney


                                          */s/ Anthony I. Paronich*
                                          Anthony I. Paronich
                                          Paronich Law, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          (508) 221-1510
                                          anthony@paronichlaw.com
                                          **Attorney for Plaintiff**


## CERTIFICATE OF SERVICE

On August 28, 2025, I electronically served the foregoing document on counsel of record for the Defendant through the Court's CM/ECF system.


                                          */s/ Anthony I. Paronich*
                                          Anthony I. Paronich